```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,          :
      Plaintiff
                                     :

      vs.                         : CRIMINAL NO. 1:CR-03-215
                                     :
JUAN OSHEMA WOODARD,
      Defendant              :


M E M O R A N D U M

I.  <u>Introduction</u>

      The Defendant, Juan Woodard, has filed a motion pursuant to 28 U.S.C. § 2255. He raises multiple claims.

II. <u>Background</u>

      On June 17, 2004, the Defendant entered a guilty plea to the possession of a firearm by a convicted felon (18 U.S.C. 922(g)(1)). He was sentenced to 78 months imprisonment, two years supervised release, a fine of $900.00, and an assessment of $100.00. He did not take a direct appeal. On April 18, 2005, the Defendant initiated these § 2255 proceedings pro se. He did not file a response to our order under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and we directed the United States Attorney to respond to his motion as filed. On September 13, 2005, five days after the Government filed its response, the

Defendant moved to amend[1] his § 2255 motion and the United States Attorney has filed a response to the motion to amend.

III. Discussion

The Defendant's § 2255 motion raises two claims of ineffective assistance of counsel. The first claim is that counsel was ineffective because a direct appeal was not taken on Woodard's behalf. The second is that counsel was ineffective because his conviction is based upon evidence that was obtained during an illegal search and seizure. In his motion to amend, Woodard again raises the claim regarding his appeal rights. He also raises two new claims. The first being that his guilty plea was involuntary. The second is a claim arising under *United States v. Booker*, 543 U.S. 220, 125, S. Ct. 738, 160 L. Ed. 2d 621 (2005). The Government contends that there is no merit to the Defendant's claims and that his motion to amend should be denied as untimely.

Under Rule 15(a), a "party may amend his pleading once as a matter of course at any time before a responsive pleading is filed. *United States v. Duffus*, 174 F.3d 333, 336 (3d Cir. 1999). The Defendant, however, sought to amend after the government had responded and can only amend his § 2255 motion upon leave of

---

[1] The Defendant styled his motion as a motion to supplement which is governed by Rule 15(d) of the Federal Rules of Civil Procedure. The motion, however, is properly considered as a motion to amend under Rule 15(a).

court.  *Id*. at 336-7.  Woodard filed his motion to amend on September 13, 2005.  He was sentenced on September 9, 2004.  The Government contends that the Defendant cannot amend his petition because his motion was filed after the expiration of the one-year statute of limitations that governs § 2255 motions.

"If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."  *Kapral v. Untied States*, 166 F.3d 565, 577 (3d Cir. 1999).  Since Woodard did not take a direct appeal, the statute of limitation began to run on September 23, 2004, and ended on September 23, 2005.[2]  Therefore, his motion to amend is not untimely.  Federal Rule of Civil Procedure 15(a) requires leave to amend to be given when "justice so requires."  The Government has responded to the merits of the claims raised by Woodard and we will grant his motion to amend.

We will appoint counsel to represent the Defendant and hold a hearing on his § 2255 contentions.

---

[2] The time period to take a direct appeal is 10 days after sentencing.  Saturdays, Sundays, and legal holidays are omitted from the 10-day calculation.

3

   We will enter an appropriate order.

            <u>/s/William W. Caldwell</u>
            William W. Caldwell
            United States District Judge

Date: January 12, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
      Plaintiff
                               :

      vs.  :  CRIMINAL NO. 1:CR-03-215

                               :
JUAN OSHEMA WOODARD,
      Defendant  :

O R D E R

AND NOW, this 12th day of January, 2006, it is Ordered that:

    1. The Defendant's motion to amend his § 2255 motion (doc. 41) is granted.

    2. A hearing on the Defendant's motion will be held on Tuesday, January 24, 2006, at 10:00 a.m. in Court Room No. 1, ninth floor, Federal Building, 228 Walnut Street, Harrisburg, PA.

    3. The Federal Public Defender's Office is appointed as counsel for the Defendant.

                              /s/William W. Caldwell
                              William W. Caldwell
                              United States District Judge